[No. 10977. Department One. March 15, 1913.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL GRUNE, *Appellant*.[1]

CRIMINAL LAW—TRIAL—CONTINUANCE—DISCRETION—NECESSITY OF SHOWING—SPEEDY TRIAL. It is discretionary with the trial court to grant a continuance, after a criminal case has been set for trial, on its appearing that a material witness for the state, whose name was indorsed on the information, is temporarily absent from the state; and the accused cannot complain that he was denied a speedy trial or that a showing was not made as to the issuance of a subpoena for the witness, and the substance of his evidence, where the

[1]Reported in 130 Pac. 751.

accused was brought to trial within sixty days after the information was filed as required by Rem. & Bal. Code, § 2312.

LARCENY—BY FALSE REPRESENTATIONS—EVIDENCE—SUFFICIENCY. A conviction of grand larceny by false representations is sustained where it appears that the accused represented that he had three hundred tons of potatoes, which he thereupon sold under an agreement to ship them from week to week, that he received as first payment a check for $500, cashed the same and left the state, and when arrested admitted that he did not have any potatoes.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 22, 1912, upon a trial and conviction of grand larceny. Affirmed.

*Alfred Gfeller*, for appellant.

*John F. Murphy* and *H. B. Butler*, for respondent.

MOUNT, J.—The appellant was convicted of the crime of grand larceny, committed by false and fraudulent representations. He appeals from a judgment entered upon the verdict of a jury. Two points are argued, which we shall notice.

(1) After the appellant had been arraigned and had entered a plea of not guilty, the case was set for trial on May 22, 1912. On the day previous to that date, the prosecuting attorney served upon appellant's counsel a notice of motion for a continuance, upon the ground that an essential witness whose name was indorsed upon the information was then in Honolulu, Hawaiian Islands, and could not be reached with a subpoena. The court, after hearing the motion, granted a continuance of the trial until June 10, 1912.

The appellant argues that the granting of this continuance was error, because the appellant was entitled to a speedy trial, and because the affidavit in support of the motion did not state that a subpoena had been issued for the witness, and did not state the substance of the evidence which the witness would give. The granting of a continuance is discretionary with the trial court. *Thompson v. Territory*, 1

Wash. Ter. 547; *State v. Champoux*, 33 Wash. 339, 74 Pac. 557.

The defendant, no doubt, was entitled to a speedy trial. When a defendant is not brought to trial within sixty days after the information is filed, the court is required to order the action dismissed, unless good cause to the contrary is shown. Rem. & Bal. Code, § 2312. Within that time it would seem the prosecution might bring the case to trial or have it postponed from time to time, in the discretion of the court, without a showing. In this case the information was filed on May 8, 1912. Defendant was arraigned and the case set for trial on May 22. On that day it appeared to the court that a material witness for the state, whose name was indorsed upon the information, was temporarily absent from the state. It seems plain under these circumstances that the court did not abuse its discretion in ordering the continuance upon motion of the prosecuting attorney.

(2) The appellant next contends that the evidence is not sufficient because it is not proved that the representations made by the appellant were false. The facts are these: On March 25, 1912, the appellant, at Seattle, represented to Frank S. Warner that he—appellant—had three hundred tons of potatoes which he desired to sell. After some negotiations, Mr. Warner agreed to purchase two hundred and fifty tons of potatoes from appellant, at $30 per ton, f. o. b., Everson, Washington, where appellant resided; $500 was to be paid at once, and the balance was to be paid as the potatoes arrived in Seattle. "Shipments were to be made about two cars per week." A written contract was entered into to that effect. Mr. Warner, relying upon appellant's statements that he had the potatoes, gave to appellant a check for $500. Appellant immediately cashed this check at a saloon in Seattle. Thereafter, on April 2, 1912, when the potatoes were not shipped to him, Mr. Warner mailed a letter to the appellant at Everson, and not hearing therefrom, on April

5, Mr. Warner mailed another letter to the appellant at the same place. These letters were not claimed, but were returned to the writer. Mr. Warner then employed a detective to find the appellant. He was found in Portland, Oregon, on April 13, 1912, and brought back to Seattle. While the appellant was in the custody of the officer, he admitted that he had no potatoes, but said that he had agreed to purchase some from a farmer and had paid one dollar thereon. Appellant's counsel insists that there is no evidence that the appellant did not own or control the potatoes at the time the contract was made. It is true that no witness testified or had any knowledge about what potatoes the appellant had at the time the contract was made, but the fact that the appellant did not ship the potatoes as he had agreed to do, or at all, and the fact that he had left the place where he resided and afterwards confessed that he had no potatoes, is almost conclusive that he had none at the time the contract was made, or afterwards.

We are satisfied that the evidence made a plain case for the jury. Judgment affirmed.

CROW, C. J., CHADWICK, GOSE, and PARKER, JJ., concur.